**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                        No. 98-4584

LAUREN ANTHONY WATSON, JR.,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
William B. Traxler, Jr., District Judge.
(CR-97-262)

Submitted: May 25, 1999

Decided: September 23, 1999

Before WILKINS, NIEMEYER, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Parks N. Small, Federal Public Defender, Columbia, South Carolina,
for Appellant. J. Rene Josey, United States Attorney, E. Jean Howard,
Assistant United States Attorney, Greenville, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Lauren Anthony Watson, Jr., pled guilty to bank robbery, see 18 U.S.C.A. § 2113(a) (West Supp. 1999), and was sentenced to a term of 71 months incarceration. On appeal, he challenges the six-level sentencing enhancement he received for causing permanent or life-threatening injury to a victim of the offense. See U.S. Sentencing Guidelines Manual § 2B3.1(b)(3) (1997). We affirm.

Watson robbed a bank in South Carolina. During a high-speed chase which followed, Watson fled into Georgia on Interstate 85 and eventually crossed the median in an attempt to evade police. He drove for several miles going south in the northbound lanes. Finally, he hit an oncoming car head-on. The driver of the car suffered numerous broken bones which required multiple surgeries including reconstructive surgery to her right foot to prevent amputation. She was left with a permanent limp and an inability to do certain activities.

The presentence report recommended a six-level enhancement to the base offense level under U.S. Sentencing Guidelines Manual § 2B3.1(b)(3)(B) (1997), for serious bodily injury to the victim. However, subsection (b)(3)(B) provides a four-level enhancement for serious bodily injury, while subsection (b)(3)(C) provides a six-level enhancement for permanent or life-threatening injury. Despite the discrepancy between the recommendation and the guideline, neither party made any objections to the presentence report and the district court adopted the recommended six-level enhancement.

On appeal, Watson claims that the district court committed plain error in adopting the recommended six-level enhancement. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 732 (1993) (failure to raise objection in district court results in plain error review on appeal). To obtain relief, Watson must show that an error occurred, that it was plain, that it affected his substantial rights, and that it must be corrected to protect the fairness, integrity, or public reputation of judicial proceedings. Olano, 507 U.S. at 732. He argues that the recommendation for a six-level enhancement was a clerical error, as evidenced by the probation officer's reference to serious bodily injury

2

and subsection (b)(3)(B), rather than to permanent or life-threatening injury and subsection (b)(3)(C). Because the victim in fact suffered permanent injury, the six-level enhancement was not error. Consequently, Watson has failed to show plain error.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3